IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROCHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. **09-475 - MJR-CJP** |
| | ) |
| **TODD SCOTT, and** | ) |
| **RAY ALLEN (incorrectly named by** | ) |
| **plaintiff as Ray "Aillen)** | ) |
| | ) |
| Defendants. | ) |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Luis Rocha is an inmate in the custody of the IDOC, currently incarcerated at Menard Correctional Center. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights. He alleges that defendants Todd Scott and Ray Allen (incorrectly named by plaintiff as "Aillen") used excessive force on him during a trip to an outside hospital on August 8, 2008.

Defendants filed a Motion for Summary Judgment in which they assert that plaintiff failed to exhaust his administrative remedies. (**Doc. 23**). The motion is supported by a memorandum, **Doc. 24**, and exhibits attached thereto. Plaintiff filed responses at **Docs. 26 & 28.**

This Court held an evidentiary hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** on February 17, 2010. The transcript of that hearing is located at **Doc. 32**.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

1

entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc*., **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. *Duncan v.Duckworth*, **644 F.2d 653, 655 (7th Cir.1981).**

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir.1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not

jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy.  Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.**  The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending.  ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).**  Exhaustion requires that a prisoner "properly take each step within the administrative process."  ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.**  In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor.  If the problem is not resolved, the inmate must first submit his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e.*, the warden).  Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance."  The warden notifies the inmate in writing of his decision.  If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB).  Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal.  ***Pozo,* 286 F.3d at 1024.**

### Defendants' Position

The affidavit of Jackie Miller, a Chairperson with the Office of Inmate Issues, is attached to Doc. 24 as Exhibit A. The affidavit states that plaintiff filed a grievance regarding the August 5, 2008, incident on August 18, 2008. However, the grievance was submitted directly to the ARB. It was received by the ARB on August 25, 2008. The grievance was returned to plaintiff with a form dated September 17, 2008. The form stated that Rocha was required to submit the responses of the grievance officer and the warden, and a copy of the grievance including the counselor's response, if applicable. Doc. 24, Ex. B.

The ARB records indicate that Rocha never resubmitted the August 18, 2008, grievance, and did not exhaust a grievance regarding the events of August 5, 2008.

### Plaintiff's Position

In his response, plaintiff states that he filed "many grievances" and he denies receiving the September 17, 2008, correspondence from the ARB.

### Evidentiary Hearing

In ***Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)**, the Seventh Circuit held that, where exhaustion is contested, the court must follow a three step process:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies

> On February 17, 2010, the court held an evidentiary hearing pursuant to ***Pavey, supra***.   .

Defendants relied on the exhibits attached to Doc. 24.  In addition, defendants offered into evidence copies of plaintiff's responses to their discovery requests.  Exhibit 1 is plaintiffs answers to interrogatories.  Plaintiff was asked to identify all steps he took to grieve the actions of Todd and Allen.  In response, plaintiff stated that he "put in" a grievance against both officers on August 18, 2008.  Exhibit 2 is a request to produce all documents relating to exhaustion of administrative remedies.  In response, plaintiff stated that he wrote a grievance slip, but he produced no documents.  Doc. 32, pp. 5-7.

Plaintiff testified in person at the hearing.  He testified that he first submitted an emergency grievance regarding Todd and Allen on August 5, 2008, which was returned to him as the situation was deemed not to be an emergency.  Doc. 32, pp. 7-8.  He then wrote the grievance of August 18, 2008, and, according to him, submitted it to both the counselor and directly to the ARB.  Doc. 32, pp. 9, 11-12. .  In addition, he claims to have written to the warden at some point about the events of August 5, 2008.  Doc. 32, p. 16.

### Analysis

Failure to exhaust is an affirmative defense on which defendants have the burden of proof.  *Westefer v. Snyder*, **422 F.3d 570, 577 (7th Cir. 2005)**.  "Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must "establish affirmatively" that the evidence is so one-sided that no reasonable factfinder could find that [plaintiff]  was prevented from exhausting his administrative remedies."  *Schaefer v. Bezy*, **2009 WL 1931187, \*3 (7th Cir. 2009)**.

The exhibits filed in support of the motion establish the following facts:

1. Rocha filed a grievance, dated August 18, 2008, in which he named Scott and Allen.  A copy is attached to Doc. 24 as Ex. B.

2. The grievance was stamped received by the Office of Inmate Issues (ARB) on August 25, 2008.

5

    3.       The ARB returned the grievance to Rocha on September 17, 2008 because it was submitted without the counselor's response, grievance officer's response, or warden's response.

    4.       Rocha never resubmitted the appeal of the August 18, 2008 grievance with the information requested in the ARB's memo.

    5.       Rocha submitted a second grievance dated June 25, 2009, in which he said he had a lawsuit against Scott and he asked for a transfer out of Menard.  Doc. 24, Ex. C.

    6.       Again, Rocha submitted the grievance directly to the ARB without first going through the counselor and grievance officer steps.  The grievance was received by the ARB on June 29, 2009, and returned to Rocha on July 6, 2009.

    7.       According to Jackie Miller's affidavit, Rocha has never exhausted a grievance regarding defendants Allen or Scott.  Doc. 24, Ex. A.

Rocha's testimony did not contradict the facts above.  He admitted that he sent the August 18, 2008, grievance directly to the ARB.  He vaguely testified that he also sent it to a counselor, but he did not receive a response.  This testimony is contradicted by the plaintiff's statement at page 3 of his amended complaint, Doc. 4.  When asked to describe the steps he took to exhaust, he wrote "talk to counselor, wrote to warden, cary (sic) throught (sic) an grievances and filed more grievance to Springfield."  Plaintiff did not claim in his amended complaint that he filed a grievance with his counselor but did not receive a response.  The Court finds plaintiff's testimony on this point to be not credible.  There is no logical reason why plaintiff would have submitted a grievance at the initial stage to both his counselor *and* to the ARB.  If he were attempting to follow the correct procedures, there would have been no reason for him to submit his grievance to the ARB until he had gone through the first three steps at the institutional level.  The fact the he did, in fact, submit the grievance to the ARB at the first stage indicates that he was attempting to by-pass the procedure.

Plaintiff offered no evidence to rebut defendant's evidence that he did not properly exhaust a grievance regarding the events of August 5, 2008.  He was required to follow the rules for exhaustion set by the prison system.  ***Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002)**.

Rocha testified that he "wrote" to the warden, but simply writing to the warden about a complaint does not fulfill the duty to exhaust an administrative complaint. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)**.

The record establishes that Rocha did not exhaust a grievance as to either defendant arising out of the events of August 5, 2008. The record further establishes that the failure to exhaust was plaintiff's fault, and, under *Pavey*, "the case is over." See, ***Pavey*, 544 F.3d at 742.**

### Recommendation

This Court recommends that Defendants' Motions for Summary Judgment **(Docs. 23)** be **GRANTED.** This case should be dismissed without prejudice as to both defendants. See, ***Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).**

Objections to this Report and Recommendation must be filed on or before **March 18, 2010.**

Submitted: March 1, 2010.

    s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**UNITED STATES MAGISTRATE JUDGE**